

**U.S. Department of Justice**

Consumer Protection Branch

| **Overnight Delivery Address** | **Mailing Address** |
| --- | --- |
| 450 Fifth Street, NW, Sixth Floor South | P.O. Box 386 |
| Washington, D.C.  20001 | Washington, D.C.  20044 |

November 22, 2023

**By Email (asinclairhg@gmail.com)**

Andrew Martin Sinclair
9703 Sutphin Blvd., Unit 350008
Jamaica, NY 11435
718-635-2135

    Re:    *United States v. B4B Earth Tea LLC, et al.*,
               Civ. No. 22-cv-1159 (Vitaliano, J.) (Levy, M.J.)

Dear Mr. Sinclair:

      We write to address several significant deficiencies in Defendants' Responses to Plaintiff United States' First Request for the Production of Documents to Plaintiff ("Document Requests") and First Set of Interrogatories to Plaintiff ("Interrogatories"), which were served on October 17, 2023. We request that you provide the information listed below as soon as possible, and in any event, no later than **November 27, 2023**. We further request, that you send all responsive documents to the undersigned Assistant U.S. Attorney and co-counsel from the U.S. Department of Justice Consumer Protection Branch by e-mail at mblume@usa.doj.gov, james.nelson2@usdoj.gov, and zachary.a.dietert@usdoj.gov. Given the pervasive and fundamental problems with the defendants' responses to all forms of discovery requests, the United States reserves the right to identify additional deficiencies in the defendants' discovery responses.

      A.    **Deficiencies in Responses to Document Requests**

      Plaintiff's Document Requests requested that Defendants identify and provide documents relating to several categories of information, primarily: defendants' health claims relating to B4B Earth Tea; defendants' communications relating to B4B Earth Tea; evidence of B4B Earth Tea's effectiveness, if any, against any ailment; the sale and distribution of B4B Earth Tea; receipt of its ingredients; costs of producing B4B Earth Tea and income generated from it; ownership and control of the defendant corporations; and any complaints from consumers. These categories of requests are directly relevant because they go to the core of the United States' allegations in this case. As noted in the *Cole v. Towers Perrin Forster & Crosby* case, "Once the party seeking discovery has demonstrated relevance, the burden then shifts to '[t]he party resisting discovery … [to] show[] why discovery should be denied." 256 F.R.D. 79, 80 (D. Conn. 2009) (granting motion to compel as to several discovery responses).

      In addition, Civil Rule 34 provides: "An objection [to a request for production] must state whether any responsive materials are being withheld on the basis of that objection. An objection

to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Defendants' responses to the United States Document Requests fail to provide any legally valid basis for why discovery should be denied as to these directly relevant requests. Moreover, they are deficient because they uniformly fail to state whether any responsive material has been withheld on the basis of an objection. Given that the defendants have not produced a single page of documentary material in their Initial Disclosures (which only identify a few potential witnesses) or in response to the United States' discovery requests, it is clear that the defendants are withholding responsive material.

Moreover, the defendants' rote assertions of blanket objections that the Document Requests are overbroad, vague, and unduly burdensome are improper, and insufficient to excuse withholding of the requested documents. *See Melendez v. Greiner*, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003) ("General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information."); *accord John Wiley & Sons, Inc. v. Book Dog Books*, LLC, 298 F.R.D. 184, 186 (S.D.N.Y. 2014).

In addition, the defendants' unsolicited suggestions as to how the United States should fashion its requests are baseless and do not excuse the defendants from their obligation to produce responsive documents. For example, defendants' response to Document Requests 2-3 state: "Plaintiff should request specific consumers who filed ineffective reports to the Plaintiff as stated in their accusations and public slander." Defendants' responses to Document Requests request 7 and 13 contain similar statements.

Also, in numerous instances, the defendants refuse to produce documents or assert that the requests are irrelevant until a "verdict" or "guilty verdict" is reached in this case. For example:

- Response to request 8: "the request all shipment before a verdict is reached by the court is overreaching of information before the Judge reaches a verdict"; and
- Response to request 9: "The request is overly broad, vague and unduly burdensome, and is irrelevant to the case before a verdict is reached by the Judge."

Similar assertions are contained in the defendants' responses to requests 11-12, 14-19, 20, and 23-25. These assertions are not legally valid reasons for failing to answer the requests and there is absolutely no valid legal basis to fail to produce documents on these purported bases.

As noted above, the defendants' failure to provide this relevant, requested material violates the applicable law, and the defendants must supplement their responses and produce the responsive document in order to correct these deficiencies.

**B.     Deficiencies in Responses to Requests for Admission**

Civil Rule 36(a) sets out the following requirements relating to responses to requests for admission:

> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or reasonably obtainable by the party is insufficient to enable the party to admit or deny.

Fed. R. Civ. P. 36(a); *accord Henry v. Champlain Enterps. Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003) ("The party is permitted to object to the request or a particular aspect of the request. This requires the responding party to 'set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.' . . . If the objection is only to a portion of the request, the responding party is required to unambiguously answer that portion of the request to which the objection does not apply.") (*quoting Herrera v. Scully*, 143 F.R.D. at 548).

For several reasons, your responses to the United States' Requests for Admission fail to comply with these requirements. First, you improperly fail to admit or deny most of the requests. This is the case for requests 3-5, 9-17, 24-73, and 75-96. In none of these cases do you set forth in detail what would prevent you from truthfully admitting or denying each matter, as required by the applicable rules and case law. Instead, in many cases, you make improper assertions that have nothing to do with whether you can truthfully admit or deny the matter. For example:

- Response to 9: "The letter never mentioned Section 403B (a)(1) and Section 403(r) (21 U.S.C. 343(r))(C) of the Natural supplement law [sic]";
- Response to 10: "would like to see the prior emails";
- Responses to 11-13: "Natural supplement is not required to submit NDA [ANDA or IND] applications; unless Plaintiff can present evidence it's required [sic]";
- Responses to 14-15: "Natural supplement do not require FDA approval, unless Plaintiff can present evidence it's require [sic]";
- Responses to 16-17: "Natural Supplement is not illegal [sic]";
- Responses to 24-26, 40, 45, 47-52, 88-89, which request that you admit or deny that the exhibits provided are true and correct copies that you made or caused to be made in the course of marketing of B4B Earth Tea: "All Post prior to the Warning letter should be excluded because a warning was issued not a lawsuit and the content was removed as requested even though it was illegally requested." In addition to being legally invalid, your assertion does not in any way indicate that you cannot admit or deny whether these documents are true and correct copies.

Your deficient responses to these requests must be supplemented to comply with the applicable law.

Also, in several instances, you fail to admit or deny the requests and indicate that you need more information, but fail to identify any information that you need to admit or deny the requests. Your responses to 27-39, 41-44, 46, 53-68, 69, 70-73, 75-87, 90-95, which request that you admit that the exhibits are true and correct copies that you made or caused to be made in the course of marketing of B4B Earth Tea, state: "Need more Information. What Specifically is in question." Similarly, your response to request 69, which also relates to whether a document is a true and correct copy, is: "Need more information. What specifically is in question. That's research publication not marketing." In addition, your response to request 96, which asks you to admit that, were it not for this lawsuit, you would continue to market and sell B4B Earth Tea in the United States, is: "Need more information. Natural Supplement is not illegal in the USA, this is a Bias Lawsuit to protect PHRMA."

These requests merely ask you to admit whether these particular documents are true and correct copies of what they appear to be. Your responses fail to specify what additional information is supposedly needed or demonstrate that its absence prevents you from admitting or denying these interrogatories, and do not indicate in any way that you are unable to answer these simple and straightforward requests.

In addition, in your responses to Requests 3-5, which request that you admit that you directly participated in and controlled the activities of the defendant corporations and activities relating to B4B Earth Tea, you responded: "[N]eed more information, activities needs to be defined." First, Request 5 does not even contain the word "activities." Second, as for Requests 3-4, you fail to indicate how the lack of a definition for "activities" prevents you from admitting or denying these requests. Nonetheless, as an accommodation, the United States will define activities as "actions."

In light of the legal authority provided above, your responses to the United States' Requests for Admission, particularly those referenced above, are deficient and must be supplemented.

Accordingly, we request that Defendants supplement their responses to the relevant Document Requests and Requests for Admission by providing the aforementioned documents, admission responses, and information. As noted by the Second Circuit: "All litigants, including pro ses, have an obligation to comply with court orders, and failure to comply may result in sanctions . . . ." *Agiwal v. Mid Is. Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009).

* * *

The outstanding documents and information are responsive to Plaintiff's Document Requests and Requests for Admission and are squarely relevant to this action, and as such, should be provided and produced. We ask that you provide these above-referenced documents and information as soon as possible and, in any event, no later than **November 27, 2023**.

Thank you, and please advise if you have any questions.

Sincerely,

/s/ *James T. Nelson*
James T. Nelson
Senior Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
james.nelson2@usdoj.gov