UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>    v.<br><br>B4B EARTH TEA LLC, a limited liability company;<br><br>B4B CORP., a corporation; and<br><br>ANDREW MARTIN SINCLAIR, individually and as an officer of B4B EARTH TEA LLC and B4B CORP.,<br><br>    Defendants. | **UNITED STATES' OPPOSITION TO DEFENDANT SINCLAIR'S MOTION TO COMPEL**<br><br>Civil Action No.: 22-CV-1159 |

    For the following reasons, the United States respectfully requests that the motion to compel submitted by Defendant Andrew Martin Sinclair ("Defendant") be denied in its entirety.

**I.    BACKGROUND**

  On October 11, 2023, Defendant served the United States with Defendant's First Set of Interrogatories. Ex. 1. Interrogatories 2-4 requested information regarding any B4B Earth Tea customers who reported "fraud," "being scammed" or "deception," respectively. *Id.* Interrogatories 7. 10, and 19, insofar as they pertain to Defendant's motion to compel, requested information about research or testing the United States performed on B4B Earth Tea. *Id.* [1]

---

[1] Interrogatory 12 requested communication evidence with "India's clinical trial department." The United States' response indicated that it had not communicated with any clinical trial department in India about Earth Tea. The United States is not sure why Defendant has moved to compel a further response to this interrogatory, which does not relate to the correspondence preceding Defendant's filing of the motion to compel.

1

On November 17, 2023, the United States provided responses to each of Defendant's interrogatories. Ex. 2. While the United States objected to the interrogatories at issue, the United States nonetheless provided substantive responses to all of the interrogatories that are the subject of Defendant's motion.[2] As the United States' responses to interrogatories 2-4 indicated, the United States is not aware of any consumer complaints about B4B Earth Tea that are responsive to these interrogatories.[3] Ex. 2. Likewise, the United States' responses to interrogatories 7, 10, and 19 indicated that, apart from any information subject to expert disclosures, which are not yet required to be produced, the United States has not conducted product testing or research on B4B Earth Tea. *See id.*

On November 20, 2023, Defendant emailed counsel for the United States indicating that he planned to file a motion to compel regarding the United States' interrogatory responses. Ex. 3. The email made clear that Defendant's contemplated motion was based solely on Defendant's assumption that the United Stated could not file the instant lawsuit without having received consumer complaints or conducted product research on B4B Earth Tea:

> You must have at least one person who contacted the USA Government federally or locally about my product failure. I will file a Motion to compel for the person who reported that my product does not work or a research that was done to backup [sic] [the United States' claims].

Ex. 3 at 1-2.[4]

---

[2] The United States provided substantive responses to all interrogatories except interrogatory 23, as to which the United States' response indicated that the interrogatory was "so broad, vague and ambiguous as to render a response impossible." Ex. 2 at 18. Defendant's motion does not seek to compel responses to Defendant's interrogatory 23.
[3] FDA did receive one submission in 2020 from an individual stating that Earth Tea was being marketed as a cure for COVID-19, but that communication is not responsive to the interrogatories because it was not from a consumer who purchased Earth Tea and complained of being defrauded or deceived. In any event, the United States produced that communication as part of its initial disclosures.
[4] Defendant restated this assumption by November 22, 2023 email in the context of his refusal to produce responsive documents and information in response to the United States' discovery

2

Later that same day, counsel for the United States responded to Defendant, reiterating that the United States' interrogatory responses had answered Defendant's interrogatories as to both categories by providing all responsive information, and that the subject matter of the interrogatories were irrelevant to the claims in this case:

> [W]e answered your requests. There is no additional responsive information that we have or that we can provide. Even were the Court to compel the United States to provide you with a response to your request, our answer would be the same. Note, too, that nothing in the case requires that the United States prove that consumers complained that your product does not work as claimed. Whether consumers complained or did not complain about your product is irrelevant to our causes of action.

Ex. 3 at 1. Notwithstanding that the United States explained that the United States had already provided the responsive information it had, and that the information sought is irrelevant to this case, Defendant[5] filed the instant Motion to Compel.

## II.    ARGUMENT

**A.    Defendant has failed to establish that he has been denied any discovery, because the United States has already produced all the responsive information that it has**

Not only has Defendant failed to demonstrate that he has been denied any discovery, he has moved to compel information that the United States has either already provided or doesn't have. The United States spelled this out clearly in its interrogatory responses and reiterated it in the email correspondence preceding Defendant's Motion to Compel. Ex. 2, 3.

---

requests: "Your accusations must have one of 2 or both. Or did you just pull your accusations out of the air 1. Consumer who reported fraud, scam or deception 2. Research, trial or study that was done to prove False or misleading accusations." Ex. 4 (Def's Nov. 22, 2023 email).
[5] Attached, as Exhibit 5, please find an Affidavit Concerning Local Rule 7.2.

3

Defendant offers no evidence whatsoever to undermine the government's representation[6] that it has produced all information it has responsive to the interrogatories at issue. Instead, Defendant baldly asserts that the United States interrogatory responses were "not full and complete," and requests that the Court enter an order compelling the United States "to provide full and complete responses" to Interrogatories 2-4, 7, 10, 12 and 19. Mot. at 1, 3. Such baseless assertions are inadequate to support a motion to compel.

"'Where the answer [to a discovery request] states that no record exists, the court cannot compel the impossible.'" *Vai, Inc. v. Miller Energy Resources, Inc.*, No.: 11-cv-3906, 2012 WL 12897099, at *1 n.1 (E.D. Penn. Feb. 24, 2012) (citing and quoting cases). In *Vai*, the court denied a motion to compel discovery based on the plaintiff's assertion that no additional responsive information existed, stating: "This Court cannot compel the impossible.". *Id.* (*citing Farran v. Johnston Equipment, Inc.*, Civ. A. No. 93-1995, 1995 WL 549005, at *1 (E.D. Penn. Sep. 12, 1995)). Cases in the Second Circuit addressing this issue have reached the same conclusion. *See Sibley v. Choice Hotels Int'l*, CV 14-634 (JS)(AYS), 2015 WL 9413101, at *7 (E.D.N.Y. Dec. 22, 2015) ("[T]he Court denies the motion to compel production of additional unnamed documents on the ground that Defendants have made clear that no such documents exist."); *Rankins v. Philips Electronics N.A. Corp.*, No. 3:07CV00179(DJS), 2007 WL 9753113, at *1-*2 (D. Conn. Nov. 20, 2007) (denying motion to compel several interrogatory responses, in part, because the responding party claimed the information "does not exist, or, if it does exist, it is not in the [responding party's] custody or control"). Further, in *Guillory v. Skelly*, the Western

---

[6] As the United States' interrogatory responses and email correspondence indicated, to the extent Defendant's interrogatories call for information regarding expert opinions, the Defendant is not yet entitled to such information, particularly given that a date for expert disclosures has not been set by the Court. *See* Fed. R. Civ. P. 26(a)(2)(D).

District of New York acknowledged: "An attorney's statement in response to discovery that the requested [information] does not exist is sufficient to avoid producing [it]." No. 12-CV-00847S(F), 2014 WL 4542468, at *9 (W.D.N.Y. Sep. 11, 2014) (*citing United States v. First Nat'l City Bank*, 396 F.2d 897, 900 n.8 (2d Cir. 1968)).

As in the cases cited above, Defendant's motion, which seeks to compel the United States to provide information that the United State does not have, seeks to compel the impossible. For that reason, and in light of the case law provided above, Defendant's motion should be denied.

> **B.      Defendant's motion also fails to carry Defendant's burden of demonstrating that that the information sought is relevant to the claims in this case**

A party moving to compel discovery responses must show that the materials are relevant or likely to produce relevant material. "The burden of demonstrating relevance is on the party seeking discovery." *Perkins v. Chelsea Piers Mgmt.*, No. 11 Civ. 8998(ALC)(JCF), 2012 WL 4832814, at *1 (S.D.N.Y. Oct. 10, 2012) (denying motion to compel that merely alleged that the opposing party had not provided the documents requested, finding that the failure to demonstrate relevance was "fatal to [the] motion to compel.") (citing *Mandell v. Maxon Co.*, No. 06 Civ. 460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007), *Zanowic v. Reno*, 97 civ. 5292, 2000 WL 1376251, at *6 (S.D.N.Y. Sep. 25, 2000) ("Since the party seeking discovery bears the burden of initially showing relevance, [the moving party's] failure to explain the relevance of this information is fatal to [its] motion to compel.")); *accord Croom v. Western Connecticut State Univ.*, 218 F.R.D. 15, 16 (D. Conn. 2002) (indicating, in the course of denying a motion to compel: "No order compelling discovery will issue absent a showing by the movant that the material sought is either directly relevant or likely to produce relevant material.") (*citing Hofer v. Mack Trucks, Inc.*, 981 F. 2d 377, 380 (8th Cir. 1992)); *see also Stewart Stamping Corp. v.*

*Westchester Prods. Co.*, 17 F.R.D. 248, 249 (S.D.N.Y. 1953) (denying motion to compel interrogatory responses due to lack of relevance).

Defendant's motion contains neither an indication nor an argument that the materials sought are relevant to this case. This is a fatal flaw that renders Defendant's motion deficient and warrants its denial. Moreover, the information Defendant seeks to compel (relating to any consumer complaints or study of Defendant's product by the United States) is neither relevant nor necessary to the government's claims in this case.

Addressed broadly, the United States' claims under the Federal Trade Commission Act and COVID-19 Consumer Protection Act allege that Defendants[7] made health claims about their product that were not supported by competent and reliable scientific evidence. Evidence of consumer complaints, or even of a single consumer having been deceived, is not required to prove these claims. "Proof of actual deception is unnecessary to establish a violation of Section 5 [of the FTC Act]." *Trans World Accts., Inc. v. FTC*, 594 F.2d 212, 214 (9th Cir. 1979); *accord FTC v. LoanPointe, LLC*, 525 F. App'x 696, 701 (10th Cir. 2013) (indicating that the FTC "does not need to prove actual deception"); *FTC v. USA Fin., LLC*, 415 F. App'x 970, 973 (11th Cir. 2011); *Am. Home Prod. Corp. v. FTC*, 695 F.2d 681, 687 (3d Cir. 1982). Likewise, the United States' claim under the Federal Food, Drug, and Cosmetic Act alleges that Defendants are violating 21 U.S.C. § 331(d) by introducing or delivering for introduction, or causing to be introduced or delivered for introduction, into interstate commerce new drugs, as defined by 21 U.S.C. § 321(p), that are neither approved pursuant to 21 U.S.C. §355(a) nor exempt from approval. *See* Dkt. 1 (Compl.) ¶ 71. Nothing in 21 U.S.C. § 331(d) requires evidence of

---

[7] The United States will ultimately seek a default judgment against corporate defendants B4B Earth Tea LLC and B4B Corp. *See* June 18, 2023 and November 28, 2023 Minute Entries of Magistrate Judge Robert M. Levy.

consumer complaints or product testing. Moreover, as the Court in this case recently noted, "because defendant promotes Earth Tea as a treatment or cure for a disease (COVID-19), it is subject to the FDCA." Dkt. 36 (Mem. & Ord.) at 5-6 (*citing United States v. Writers & Research, Inc.*, 113 F.3d 8, 11 (2d Cir. 1997)) (internal footnote omitted).

For the aforementioned reasons, Defendant failed to establish the relevance of the information he moves to compel, which is fatal to his motion. Moreover, as explained above, Defendant cannot establish relevance, because the information he seeks to compel is irrelevant to this case.

## IV.     CONCLUSION

For all of the reasons set forth above, Defendant Sinclair's Motion to Compel should be denied.

Dated:  December 11, 2023                              Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA:**

BREON PEACE
United States Attorney

/s/
MICHAEL S. BLUME
Assistant United States Attorney
United States Attorney's Office
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
Telephone: (718) 254-6479
Email: Michael.Blume@usdoj.gov

BRIAN M. BOYNTON
Acting Assistant Attorney General

ARUN G. RAO
Deputy Assistant Attorney General

AMANDA N. LISKAMM
Director
Consumer Protection Branch

LISA K. HSIAO
Assistant Director
Consumer Protection Branch

/s/
JAMES T. NELSON
Senior Trial Attorney
ZACHARY A. DIETERT
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice

450 5th Street, NW, Suite 6400-S
Washington, DC 20001
Telephone (Nelson): (202) 616-2376
Telephone (Dietert): (202) 616-9027
Facsimile: (202) 514-8742
Email: James.Nelson2@usdoj.gov
Email: Zachary.A.Dietert@usdoj.gov

Of Counsel:

ROBERT VAN SOMEREN GREVE
Attorney
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mailstop CC-6316
Washington, DC  20850
Telephone: (202) 326-2523
Email: rvansomerengreve@ftc.gov


MARK RAZA
Chief Counsel
Food and Drug Division

SHANNON SINGLETON
Acting Deputy Chief Counsel for Litigation

MICHAEL SHANE
Senior Counsel
Office of the Chief Counsel
Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD  20993-0002
Telephone: 301-796-8593
Email: Michael.Shane@fda.hhs.gov

8