**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>    v.<br><br>B4B EARTH TEA LLC, a limited liability company;<br><br>B4B CORP., a corporation; and<br><br>ANDREW MARTIN SINCLAIR, individually and as an officer of B4B EARTH TEA LLC and B4B CORP.,<br><br>    Defendants. | **UNITED STATES' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**<br><br>**Civil Action No.: 22-CV-1159** |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO**
**DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff the United States of America, by its attorneys, hereby submits, upon information and belief, its responses and objections to Defendant Andrew Martin Sinclair's First Set of Interrogatories, dated October 11, 2023, as follows.

**RESERVATION OF RIGHTS**

Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses herein at any time. By making the following responses to Defendant's Interrogatories, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections to the admissibility of such responses into evidence at the trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege.  Further, Plaintiff makes the responses herein without in any

1

manner implying or admitting that the Interrogatories, or the information produced in response to the Interrogatories, is relevant or material to the subject matter of this action.

## GENERAL STATEMENT

The following General Objections apply to each Interrogatory whether or not they are specifically stated in the answer to each Interrogatory.

1.    Plaintiff objects to these Interrogatories to the extent that they exceed the scope of discovery permissible under the Federal Rules of Civil Procedure ("Federal Rules") and to the extent that they purport to impose burdens going beyond the duty to respond as set forth in Rules 26 and 33 of the Federal Rules and the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules"). Plaintiff is not obligated to, and declines to, comply with any instructions or directions that conflict with the Federal Rules of Civil Procedure, the Local Civil Rules, or other applicable rules or standing orders of the Court.

2.    Plaintiff objects to these Interrogatories on the grounds that, under Rule 26(b)(2)(C)(iii), the burden and expense of the proposed discovery outweighs its likely benefit, considering the parties' resources and relative access to relevant information.

3.    Plaintiff objects to these Interrogatories on the grounds that, under Federal Rule of Civil Procedure 26(b)(2)(C)(i), they are unreasonably cumulative and duplicative, and in addition, can be obtained from some other source that is more convenient, less burdensome, or less expensive.

4.    Plaintiff objects to these Interrogatories to the extent that they purport to (a) seek information that is not relevant to a party's claims or defenses in the present action; or (b) seek information that is disproportionate to the needs of the case.

5.    Plaintiff objects to these Interrogatories to the extent that they request information and documents that are subject to privilege, including but not limited to, the attorney client privilege, attorney work product protection, law enforcement privilege, the deliberative process privilege, or are protected from disclosure by the Privacy Act (5 U.S.C. § 552a) and/or any other federal or state statute, regulation, or executive order. Inadvertent production of any document or

2

information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or other ground for objection to discovery with respect to that document or any other document, or its subject matter, or the information contained therein during any proceeding in this litigation or otherwise.

6.   Plaintiff objects to these Interrogatories to the extent that they purport to assume facts which are inaccurate, are argumentative, mischaracterize the position of Plaintiff, and/or to the extent that they are otherwise defective in form.

7.   Plaintiff objects to these Interrogatories to the extent that they are vague, ambiguous, overbroad, or unlikely to lead to the discovery of admissible evidence.

8.   Plaintiff objects to these Interrogatories to the extent they seek to restrict the facts on which Plaintiff may rely at summary judgment, trial, or any other proceeding in this matter. Discovery in this case has not yet concluded. By responding and objecting to these Interrogatories, Plaintiff does not intend to, and does not, limit the evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendant.

9.   Plaintiff objects to these Interrogatories to the extent that they purport to require the discovery of documents or information that is not in the possession, custody, or control of the United States Department of Justice ("DOJ"), the Federal Trade Commission ("FTC"), or the Food and Drug Administration ("FDA").

10. Plaintiff objects to these Interrogatories to the extent that they fail to specify any time limitation, subject matter limitation, or geographical limitation, and as such are (a) unduly burdensome and oppressive and would place upon Defendant an unreasonable burden of inquiry, or (b) so broad and vague as not to be susceptible of reasoned interpretation.

11. Plaintiff objects to these Interrogatories to the extent that they require Defendant to prematurely (a) draw a conclusion of law; or (b) provide an opinion or contention that relates to fact or the application of law to fact.

3

12. Plaintiff objects to these Interrogatories to the extent they call upon Plaintiff to give responses before it has had an opportunity to obtain, review, and analyze discovery in this action.

13. Plaintiff objects to these Interrogatories to the extent that they call for speculation because Plaintiff lacks sufficient information or foundation to provide a response.

14. Plaintiff objects to these Interrogatories to the extent that they seek the disclosure of information that calls for an expert witness opinion.

15. Plaintiff objects to these Interrogatories to the extent that the information sought is within the possession of Defendant, is part of the public record, or is as readily available to Defendant as Plaintiff.

16. Plaintiff's responses shall not be deemed to constitute incidental or implied admissions, and should not be taken as an admission that: (i) any statement or characterization in the Interrogatories is accurate or complete; or (ii) Plaintiff accepts or admits the existence of any alleged fact(s) set forth or assumed by the Interrogatory.

17. Plaintiff's response to these Interrogatories is made without waiving or intending to waive, but rather, to the contrary, is made preserving and intending to preserve:

a. All objections to the relevance, authenticity, or admissibility of any document or thing produced in response to this request and of any information contained therein. The supplying of any document or thing, including any information contained therein, does not constitute an admission by Plaintiff that such document or thing, including any information contained therein, is relevant, authentic or admissible;

b. The right to object to the use of any such documents or things, including any information contained therein, in any aspect of this action or any other judicial or administrative proceeding or investigation;

c. The right to object at any time to a demand for any further responses to these requests; and

d.   The right at any time to supplement or amend this response.

18. Plaintiff objects to the Defendant's definition of "customer(s)" and "consumer(s)" as overbroad, vague, and ambiguous. The Defendant's definition of "customer(s)" and "consumer(s)" is so overbroad that it is substantially similar to the uniform definition of "person" provided in Local Civil Rule 26.3(c)(6). In responding to Defendant's Interrogatories, Plaintiff will construe the terms "customer(s)" and "consumer(s)" to refer to persons who purchased B4B Earth Tea.

19. Plaintiff objects to the Defendant's definition of "deceptive/false advertising," because it is inconsistent with the definitions of these terms used in the statutes and regulations that apply to this case. Plaintiff will construe the terms "false advertising" and "false advertisement" consistent with the statutory definition of "false advertisement" used by the Federal Trade Commission Act, 15 U.S.C. 55(a)(1), as: any advertisement that is misleading in any material respect, taking into account both the representations made and the extent to which they fail to reveal material facts that relate to the advertised product.

20. Plaintiff objects to the Defendant's definition of "well founded" as overbroad, vague, and ambiguous. In responding to Defendant's Interrogatories, Plaintiff will construe the term "well founded" in accord with the Merriam-Webster Dictionary's definition of "well-founded" as: based on excellent reasoning, information, judgment, or grounds.

5

21. Plaintiff objects to the Defendant's definition of "state" because it is an inaccurate definition of the term. Plaintiff will construe the term "state" in accord with the Merriam-Webster Dictionary definition of "state" as: to express in words.

## SPECIFIC RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES

### INTERROGATORY NO. 1:

State name of all Witnesses, Order numbers, payment used, social media account used to interact with Defendant ,WhatsApp number, or identification used during communications. [sic]

### RESPONSE TO INTERROGATORY NO. 1:

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects that this Interrogatory is vague and ambiguous and does not define the phrase "interact with Defendant," which Plaintiff interprets for purposes of its response as engaging in reciprocal communications with any of the Defendants. Plaintiff also objects to this Interrogatory as premature because Defendants have not yet disclosed to Plaintiff the identities of their customers or provided other discovery responses to Plaintiff, and therefore Plaintiff has not had an opportunity to determine which, if any, customers or other individuals may be witnesses. Plaintiff additionally objects to the extent that this Interrogatory improperly calls for premature expert disclosures and objects to the extent that it calls for information protected by the law enforcement privilege, including information that could reveal and compromise undercover identities that may currently be in use for investigations of other suspected unlawful activities.

Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, and without disclosing any information protected by the law enforcement privilege, Plaintiff responds that FDA employee Jason Humbert communicated with Defendants in 2020 using the email address cjennings9252@gmail.com and placed Order # 5301000090871 on July 20, 2020 for Earth Tea Extra Strength; FDA employee Nicole Kornspan communicated with Defendants in 2022 using the email address lee.alex1289@gmail.com and attempted two purchase orders, #YAPPX and #6AGLZ, neither of which was successfully completed; FDA employee Tiffany Petty communicated with Defendants in 2022 using the email address averycoop319@gmail.com and attempted purchase order #LONM3, which was not successfully completed. Plaintiff additionally responds that FTC employee Aine Farrell communicated with Defendants and placed an order for Earth Tea Extra Strength and FTC employee William Ducklow attempted a purchase order for Earth Tea Extra Strength that was not successfully completed. Identifying details of these two FTC employees' communications and their order and attempted order are protected by law enforcement privilege to avoid

revealing and compromising undercover identities that may currently be in use for investigations of other suspected unlawful activities. Plaintiff additionally responds that Defendants interacted with various FDA, FTC, and/or DOJ employees in connection with efforts to notify Defendants of their legal noncompliance or in connection with litigation of this lawsuit, but those communications are already known to Defendants and are outside the scope of this Interrogatory, which Plaintiff understands to concern customer communications and not regulatory or litigation communications. Plaintiff further responds that Plaintiff may call as witnesses individuals identified in Plaintiff's Initial Disclosures and that Plaintiff reserves the right to supplement or revise that list and to identify its potential witnesses at any time and in any manner permitted by the rules, procedures, and orders governing this case.

## INTERROGATORY NO. 2:

List all names and order numbers of customers / consumers who reported fraud and their reason for purchase. [sic]

## RESPONSE TO INTERROGATORY NO. 2:

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects to this Interrogatory on the grounds that it is irrelevant to the claims and defenses in this case, which do not allege fraud, and additionally objects to the extent that it seeks information already in the possession or control of Defendants. Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that it has not received complaints from any person who reported being defrauded in connection with any purchase made from Defendants. Plaintiff notes that whether an individual person was defrauded by the Defendant is not an element of a violation of any statutory or regulatory provision that forms the basis of the Complaint in this matter.

## INTERROGATORY NO. 3:

List all names and order numbers of customers / consumers who reported being scammed and their reason for purchase. [sic]

## RESPONSE TO INTERROGATORY NO. 3:

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects that this Interrogatory does not define the term "scammed," which is never mentioned in Plaintiff's Complaint, and additionally objects to the extent that this Interrogatory seeks information already in the possession or control of Defendants. Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its

contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that it has not received complaints from any person who reported being "scammed" in connection with any purchase made from Defendants. Plaintiff notes that whether an individual person was defrauded or "scammed" by the Defendant is not an element of a violation of any statutory or regulatory provision that forms the basis of the Complaint in this matter.

**INTERROGATORY NO. 4:**

List all names and order numbers of customer / consumers who reported deception and their reason for purchase. [sic]

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects to the extent that this Interrogatory seeks information already in the possession or control of Defendants. Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that it has not received complaints from any person who reported being deceived in connection with any purchase made from Defendants. Plaintiff notes that whether an individual person was deceived by the Defendant is not an element of a violation of any statutory or regulatory provision that forms the basis of the Complaint in this matter.

**INTERROGATORY NO. 5:**

State if Plaintiff intercepted any shipment send by defendant via USPS or UPS. [sic]

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects to the extent that this Interrogatory seeks information irrelevant to the claims and defenses in this case or unrelated to B4B Earth Tea. Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that the FTC, FDA, and DOJ have not intercepted any of Defendants' USPS or UPS shipments of B4B Earth Tea.

**INTERROGATORY NO. 6:**

Plaintiff claimed accusations are well founded please state why and provide documented evidence to support Plaintiff's well founded claims. [sic]

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects to the extent that this Interrogatory seeks information in the possession or control of Defendants or requires Plaintiff to draw a conclusion of law, provide an opinion or contention that relates to fact or the application of law to fact, or answer a contention interrogatory at this stage of discovery, and Plaintiff additionally objects to the extent that this Interrogatory prematurely calls for expert disclosures.

Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that Plaintiff's claims under the FTC Act and COVID-19 Consumer Protection Act are well founded because, as described in the Complaint, Defendants have made representations relating to B4B Earth Tea's purported effectiveness for the prevention or treatment of COVID-19 without having competent and reliable scientific evidence that those representations were true. Plaintiff further responds that its claim under the Federal Food, Drug, and Cosmetic Act ("FDCA") is well founded because, as described in the Complaint, B4B Earth Tea is a drug within the meaning of the FDCA, because its promotion, advertising, and labeling indicate it is intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man; and B4B Earth Tea is an unapproved new drug because FDA has approved no new drug applications, abbreviated new drug applications, or investigational new drug applications for it and it is not generally recognized as safe and effective for use in the diagnosis, cure, mitigation, treatment, or prevention of any disease in man; and Defendants have introduced this unapproved new drug into interstate commerce, including by distributing it nationwide and by shipping it from New York to Virginia. Plaintiff further responds that Plaintiffs' Initial Disclosures identify and describe the documents in Plaintiff's possession that it may use to support its claims, and Plaintiff has produced those documents to Defendants.

**INTERROGATORY NO. 7:**

Outline in details test, research or provide evidence that was done to supports Plaintiff's claims of false advertising and deceptive advertising. [sic]

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects that this Interrogatory's vague and ambiguous wording limits Plaintiff's ability to comprehend and respond to it, objects to the extent that this Interrogatory prematurely calls for

expert disclosures, and objects to the extent that this Interrogatory seeks information irrelevant to the claims and defenses in this case.

Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that its claims in this case are not based upon scientific tests or medical research conducted by Plaintiff, and further responds that Plaintiffs' Initial Disclosures identify and describe the documents in Plaintiff's possession that it may use to support its claims, which Plaintiff has produced to Defendants.

**INTERROGATORY NO. 8:**

State yes or no if from March 2020 to March 2022, Natural supplement are required by law to be registered before going to market. [sic]

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects that this Interrogatory does not define the term "Natural supplement," objects to the extent that this Interrogatory requires Plaintiff to draw a conclusion of law, provide an opinion or contention that relates to fact or the application of law to fact, or answer a contention interrogatory at this stage of discovery, and objects that this Interrogatory seeks information irrelevant to the claims and defenses in this case, which do not concern registration of dietary supplements.

Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that the FDCA does not require registration of individual dietary supplement products, but under section 201(ff) of the FDCA (21 U.S.C. § 321(ff)), a dietary supplement and a component of a dietary supplement are "foods." Accordingly, a facility that manufactures, processes, packs, or holds a dietary supplement or a component of a dietary supplement is required to register as a food facility unless it qualifies for an exemption from registration (21 C.F.R. 1.226). Plaintiff further responds that as described in the Complaint, B4B Earth Tea is not a dietary supplement and is instead a drug because it is intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease, as is evidenced by representations Defendants have made in their promotion, advertising, and labeling of B4B Earth Tea.

**INTERROGATORY NO. 9:**

State if natural products are required by law to conduct clinical trials, or proven safe and effective to the FDA before going to market. [sic]

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects that this Interrogatory does not define the term "natural products," which is never mentioned in Plaintiff's Complaint, objects to the extent that this Interrogatory requires Plaintiff to draw a conclusion of law, provide an opinion or contention that relates to fact or the application of law to fact, or answer a contention interrogatory at this stage of discovery, and objects that this Interrogatory seeks information irrelevant to the claims and defenses in this case.

Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that regardless of whether the maker of a product considers the product "natural," the product is a drug within the meaning of the FDCA if, among other things, it is "intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man." 21 U.S.C. § 321(g)(1)(B). Plaintiff further responds that, consistent with 21 U.S.C. § 355, a new drug cannot be introduced to interstate commerce in compliance with the FDCA without some form of FDA approval, which customarily requires sufficient proof of safety and efficacy for its intended uses. Plaintiff additionally responds that regardless of whether the maker of a product considers the product "natural," it is unlawful under the FTC Act to advertise that a product can prevent, treat, or cure human disease without possessing competent and reliable scientific evidence substantiating that the claims are true at the time they are made, including, when appropriate, well-controlled human clinical studies.

**INTERROGATORY NO. 10:**

Present specific evidence of deception, with lab result, research results or independent lab analysis done to support deceptive claims mentioned numerous times in Plaintiff accusations. [sic]

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects that this Interrogatory is vague and ambiguous regarding what "deceptive claims" and "Plaintiff accusations" it concerns, objects to the extent that this Interrogatory requires Plaintiff to draw a conclusion of law, provide an opinion or contention that relates to fact or the application of law to fact, or answer a contention interrogatory at this stage of

discovery, objects that this Interrogatory seeks information irrelevant to the claims and defenses in this case, and objects to the extent that this Interrogatory prematurely seeks expert disclosures.

Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that the Complaint's allegations of Defendants' deceptive health claims are based upon Defendants making health claims about their products without competent and reliable scientific evidence to support those claims, not on any lab results or analysis or medical research that disproves those health claims. Plaintiff further responds that the FDA, FTC, and DOJ have not conducted laboratory tests or analyses on B4B Earth Tea.

## INTERROGATORY NO. 11:

Present evidence such as research, lab result or any testing, that supports misrepresentation claim stated in paragraph 27 in plaintiff complaint. [sic]

## RESPONSE TO INTERROGATORY NO. 11:

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects to the extent that this Interrogatory requires Plaintiff to draw a conclusion of law, provide an opinion or contention that relates to fact or the application of law to fact, or answer a contention interrogatory at this stage of discovery, and objects to the extent that this Interrogatory seeks information already in the possession or control of Defendants.

Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that Paragraph 27 of the Complaint alleges that there is no competent and reliable scientific evidence to substantiate health claims Defendants have made regarding B4B Earth Tea and further responds that this allegation is based upon Defendants' lack of competent and reliable scientific evidence to substantiate their claims, not upon any medical research or lab results that disprove Defendants' medical claims.

## INTERROGATORY NO. 12:

Present communication evidence, with India's clinical trial department that supports Plaintiff's claim that Clinical trial done by defendant is fake. [sic]

## RESPONSE TO INTERROGATORY NO. 12:

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects that this Interrogatory does not define the terms "India's clinical trial

department" or "fake," objects that this Interrogatory refers to a Plaintiff's claim that a clinical trial is "fake" when the Complaint contains no such allegation, objects to the extent that this Interrogatory prematurely calls for expert disclosures, and objects to the extent that this Interrogatory seeks information already in the possession or control of Defendants.

Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that to date, Plaintiff has had no communications with any clinical trial department in India relating to this case.

**INTERROGATORY NO. 13:**

Present competent, reliable scientific evidence that counter defendants posts brought forward in paragraph 1 of lawsuit filed. Show evidence that supports plaintiff claims. Plaintiff specifically claimed (Defendant lack competent , and reliable scientific bases for these claims and their use of "deceptive advertising and misinformation" poses a risk to public health and safety. [sic]

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects to the extent that this Interrogatory is vague and ambiguous, objects to the extent that this Interrogatory requires Plaintiff to draw a conclusion of law, provide an opinion or contention that relates to fact or the application of law to fact, or answer a contention interrogatory at this stage of discovery, objects to the extent that this Interrogatory prematurely calls for expert disclosures, and objects to the extent that this Interrogatory seeks information irrelevant to the claims and defenses in this case.

Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that the allegations in Paragraph 1 of the Complaint are based upon Defendants' lack of competent and reliable scientific evidence to substantiate the medical claims they have made about B4B Earth Tea, not upon evidence that counters or disproves Defendants' medical claims. Plaintiff further responds that Plaintiffs' Initial Disclosures identify and describe the documents in Plaintiff's possession that it may use to support its claims, and Plaintiff has produced those documents to Defendants.

**INTERROGATORY NO. 14:**

State Yes or No if the following statement is true from the FDA webpage titled "FDA 101 Dietary Supplement  : (Federal law does not require dietary supplements   to be proven   safe to FDA satisfactory before they are marketed) [sic]

13

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects to the extent that this Interrogatory requires Plaintiff to draw a conclusion of law, provide an opinion or contention that relates to fact or the application of law to fact, or answer a contention interrogatory at this stage of discovery, and objects to the extent that this Interrogatory seeks information irrelevant to the claims and defenses in this case, which does not concern dietary supplements.

Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that the webpage titled "FDA 101: Dietary Supplements," located at https://www.fda.gov/consumers/consumer-updates/fda-101-dietary-supplements, does not presently contain the statement quoted in this Interrogatory, and Plaintiff further responds that it is true that federal law does not require dietary supplements to be proven safe to FDA's satisfaction before they are marketed. Plaintiff additionally further responds that, as stated on the "FDA 101: Dietary Supplements" webpage, "In general, even if a product is labeled as a dietary supplement, a product intended to treat, prevent, cure, or alleviate the symptoms of a disease is a drug, and subject to all requirements that apply to drugs."

**INTERROGATORY NO. 15:**

State Yes or No if the following statement is true from the FDA website , page titled "FDA 101 : Dietary Supplement"(Some dietary supplement have been shown to be beneficial for certain health conditions.) [sic]

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects to the extent that this Interrogatory requires Plaintiff to draw a conclusion of law, provide an opinion or contention that relates to fact or the application of law to fact, or answer a contention interrogatory at this stage of discovery, and objects to the extent that this Interrogatory seeks information irrelevant to the claims and defenses in this case, which does not concern dietary supplements.

Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that the webpage titled "FDA 101: Dietary Supplements," located at https://www.fda.gov/consumers/consumer-updates/fda-101-dietary-supplements, does not presently contain the statement quoted in this Interrogatory, and Plaintiff

further responds that it is true that federal law does not require dietary supplements to be proven safe to FDA's satisfaction before they are marketed. Plaintiff additionally further responds that, as stated on the "FDA 101: Dietary Supplements" webpage, "In general, even if a product is labeled as a dietary supplement, a product intended to treat, prevent, cure, or alleviate the symptoms of a disease is a drug, and subject to all requirements that apply to drugs."

**INTERROGATORY NO. 16:**

State if the FDA conducted any test or trial with the product Earth Tea Extra Strength against any issue. please provide the results, source of samples and methods used to generate results. [sic]

**RESPONSE TO INTERROGATORY NO. 16:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects to this Interrogatory on the grounds that it is irrelevant to the claims and defenses in this case, and to the extent that this Interrogatory prematurely calls for expert disclosures. Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that the FDA has not conducted any clinical trials or tests of B4B Earth Tea.

**INTERROGATORY NO. 17:**

State if Earth Tea Extra Strength was ever tested for any illegal or prohibited substances and what was the result. [sic]

**RESPONSE TO INTERROGATORY NO. 17:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects to this Interrogatory on the grounds that it is irrelevant to the claims and defenses in this case, which do not allege illicit substances. Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that the FDA, FTC, and DOJ have not tested Earth Tea Extra Strength for the presence of illegal or prohibited substances.

**INTERROGATORY NO. 18:**

State of any social media platform was asked to block, ban or and remove any content or sensor B4B Earth Tea content. [sic]

**RESPONSE TO INTERROGATORY NO. 18:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects that this Interrogatory does not define "social media platform," objects on the grounds that this Interrogatory is irrelevant to the claims and defenses in this case and objects to the extent that his Interrogatory seeks information already in the possession or control of Defendants.

Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that in or around January 2021, an FDA employee observed a campaign relating to B4B Earth Tea on the website Indiegogo and informed Indiegogo that B4B Earth Tea was an unapproved new drug, and Plaintiff further responds that the FDA, FTC, and DOJ have not asked any social media platform to block, ban, remove, or censor content relating to B4B Earth Tea. Plaintiff additionally responds that it lacks information necessary to determine whether other individuals or entities have asked social media platforms to block, ban, remove, or censor content relating to B4B Earth Tea.

**INTERROGATORY NO. 19:**

State what specifically pertaining to Earth Tea Extra Strength is considered unfair, deceptive or affecting commerce. (stated in the lawsuit filed). [sic]

**RESPONSE TO INTERROGATORY NO. 19:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects that this Interrogatory is vague and ambiguous concerning what allegations it references, and objects to the extent that this Interrogatory requires Plaintiff to draw a conclusion of law, provide an opinion or contention that relates to fact or the application of law to fact, or answer a contention interrogatory at this stage of discovery.

Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that as described in the Complaint, Defendants committed unfair or deceptive acts or practices in violation of the FTC Act and COVID-19 Consumer Protection Act by making representations in connection with marketing and promoting B4B Earth Tea about B4B Earth Tea's ability to treat or cure COVID-19, without having competent and reliable scientific evidence to substantiate those representations. Plaintiff additionally responds that the Complaint alleges Defendants' activities affect "commerce," as that term is defined in Section 4 of the FTC Act, and that B4B Earth Tea was introduced into

"interstate commerce" under the FDCA, because Defendants have marketed, sold, and distributed B4B Earth Tea nationwide, including by shipping B4B Earth Tea from New York to other states.

**INTERROGATORY NO. 20:**

Provide at least one evidence that justifies false advertising stated multiple times in the lawsuit. (evidence that proves content is false) [sic]

**RESPONSE TO INTERROGATORY NO. 20:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects that this Interrogatory is vague and ambiguous, objects to the extent that this Interrogatory requires Plaintiff to draw a conclusion of law, provide an opinion or contention that relates to fact or the application of law to fact, or answer a contention interrogatory at this stage of discovery, and objects to the extent that the Interrogatory seeks information irrelevant to the claims and defenses in this case.

Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that as described in the Complaint, Defendants have engaged in false, misleading, or unsubstantiated advertising by making representations in connection with marketing and promoting B4B Earth Tea about B4B Earth Tea's ability to treat or cure COVID-19, without having competent and reliable scientific evidence to substantiate those representations. Plaintiff further responds that Plaintiffs' Initial Disclosures identify and describe the documents in Plaintiff's possession that it may use to support its claims, and Plaintiff has produced those documents to Defendants.

**INTERROGATORY NO. 21:**

State if all witnesses are government employees. [sic]

**RESPONSE TO INTERROGATORY NO. 21:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects to the extent that this Interrogatory improperly calls for premature expert disclosures. Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that its potential witnesses are not all government employees, and further responds that Plaintiff may call as witnesses individuals identified in Plaintiff's Initial Disclosures, and that Plaintiff reserves the right to supplement or

revise its disclosures and to identify potential witnesses in accordance with rules, procedures, and orders governing this case.

**INTERROGATORY NO. 22:**

State if your experts tested or try Earth Tea Extra Strength. if yes provide medical report or research results that proves statements that your expert will dictate to the court is specifically about Earth Tea Extra Strength. [sic]

**RESPONSE TO INTERROGATORY NO. 22:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects that this Interrogatory improperly calls for premature expert disclosures. Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that it will provide any expert disclosures at the time and in the format required by the rules, procedures, and orders governing this case.

**INTERROGATORY NO. 23:**

State if there's any known registered product that successfully or guaranteed to support humans immune system. As of October 2023 [sic]

**RESPONSE TO INTERROGATORY NO. 23:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects that this Interrogatory is irrelevant to the claims and defenses in this case, objects to the extent that this Interrogatory would impose a burden or expense on the United States that outweighs the discovery's likely benefit, objects that this Interrogatory does not define the terms "registered product," "successfully or guaranteed" or "support humans immune system," and objects that the Interrogatory is so broad, vague and ambiguous as to render a response impossible.

**INTERROGATORY NO. 24:**

State if the FDA have the capability to detect illegal or prohibited substances in liquid [sic]

**RESPONSE TO INTERROGATORY NO. 24:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects to this Interrogatory on the grounds that it is irrelevant to the claims and defenses in this case, which do not allege illicit substances. Subject to and without waiving or

18

limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that the FDA does have the capability to detect illegal or prohibited substances in liquids.

**INTERROGATORY NO. 25:**

State if as of October 2023 it is illegal to have an home based juice or food business in America. [sic]

**RESPONSE TO INTERROGATORY NO. 25:**

In addition to the General Objections set forth above and incorporated here by reference, Plaintiff objects that this Interrogatory does not define the term "home based juice or food business," objects to this Interrogatory's broad and vague reference to laws "in America," and objects that this Interrogatory is irrelevant to the claims and defenses in this case.

Subject to and without waiving or limiting the foregoing objections or Plaintiff's ability to amend or supplement its response, and without limiting the facts or evidence upon which it may rely to support its contentions, or to rebut or impeach contentions, assertions, and evidence presented by Defendants, Plaintiff responds that home-based businesses distributing juice or food are not per se illegal throughout the United States, but they must comply with any applicable local, state, and federal laws and regulations, which may include the FDCA, the FTC Act, and the COVID-19 Consumer Protection Act.

Dated:  November 17, 2023              Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA:**

BREON PEACE
United States Attorney

/s/ Michael S. Blume
MICHAEL S. BLUME
Assistant United States Attorney
United States Attorney's Office
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
Telephone: (718) 254-6479
Email: Michael.Blume@usdoj.gov

BRIAN M. BOYNTON
Acting Assistant Attorney General

ARUN G. RAO
Deputy Assistant Attorney General

AMANDA N. LISKAMM
Director
Consumer Protection Branch

LISA K. HSIAO
Assistant Director
Consumer Protection Branch

19

/s/ James T. Nelson
JAMES T. NELSON
Senior Trial Attorney
ZACHARY A. DIETERT
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
450 5th Street, NW, Suite 6400-S
Washington, DC 20001
Telephone (Nelson): (202) 616-2376
Telephone (Dietert): (202) 616-9027
Facsimile: (202) 514-8742
Email: James.Nelson2@usdoj.gov
Email: Zachary.A.Dietert@usdoj.gov

**VERIFICATION**

I, Alexandra L. Sarria, a Paralegal Specialist at the United States Department of Justice, am authorized to make this verification. I have reviewed the foregoing responses to Defendant Andrew Martin Sinclair's interrogatories. I declare under penalty of perjury that the factual information provided in these answers is true and correct to the best of my knowledge, information, and belief.

Dated: November 17, 2023                    _____