RECEIVED IN THE PRO SE OFFICE
SEPT 18, 2024, 5:23PM
VIA BOX.COM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

ANDREW SINCLAIR /
B4B EARTH TEA LLC /
B4B CORP,

     Defendants.

**Case No.: 22-CV-1159**

## MOTION TO RECONSIDER THE DISMISSAL OF EXPERT REPORT BY DR. MARITON DANIEL DOS SANTOS CLAIMING THAT B4B EARTH TEA IS A DRUG AND REQUEST FOR MANDATORY JUDICIAL NOTICE UNDER FEDERAL RULE OF

### EVIDENCE 201

Honorable judge Levy, defendant Andrew Sinclair, acting individually as pro se and as an officer, respectfully moves this Court to dismiss the expert report submitted by **Dr. Mariton Daniel Dos Santos**, which claims that B4B Earth Tea is a drug under the Federal Food, Drug, and Cosmetic Act (FDCA). The Plaintiff's reliance on this expert report is based on the term **"drug"** under **21 U.S.C. § 321(g)(1)**.

The Defendant respectfully requests that this Court take **Mandatory Judicial Notice**, under **Federal Rule of Evidence 201**, of the statutory definition of "drug" provided by **21 U.S.C. § 321(g)(1)** and the related exemptions for dietary supplements under **21 U.S.C. § 343(r)(6)**. Judicial Notice is appropriate because these statutory definitions are **matters of public record** and are **not subject to reasonable dispute**.

The Plaintiff's allegations rely on this expert report to incorrectly label B4B Earth Tea as a **drug** based on claims made in advertisements and online posts. However, B4B Earth Tea is a **natural dietary supplement** and falls under specific exemptions provided by **21 U.S.C. § 343(r)(6)**. The expert report failed to meet the legal definition of a drug, and as such, the Defendant requests that this Court dismiss the report.

Motion to Dismiss

## I.  BACKGROUND

### 1.  The Product: B4B Earth Tea:

The Defendant, Andrew Sinclair, manufactures and sells a product known as B4B Earth Tea. B4B Earth Tea is a natural herbal drink marketed as a natural dietary supplement, designed to support overall health and well-being.

### 2.  Plaintiff's Allegations:

On or about **March 3, 2022**, the Plaintiff, acting on behalf of the Federal Trade Commission (FTC) and the Food and Drug Administration (FDA), filed a civil action against the Defendant. The Plaintiff's complaint alleges that B4B Earth Tea is an **unapproved new drug** under the FDCA based on promotional materials.

### 3.  Marketing Claims at Issue:

The Plaintiff's case rests primarily on public statements made by the Defendant on platforms such as Facebook, Instagram, and YouTube.

### 4.  Defendant's Position and Response:

The Defendant acknowledges the marketing statements made on social media platforms but contends that these statements were neither misleading nor false. Moreover, the Defendant asserts that B4B Earth Tea has been consistently marketed as a natural dietary supplement, a product category that is exempt from drug classification under **21 U.S.C. § 343(r)(6)**, provided that any labeling or claims made are truthful and not misleading.

### 5.  Lack of Scientific Evidence:

The Plaintiff has failed to produce any scientific evidence that proves that B4B Earth Tea contains anything synthetic. The expert reports provided by the Plaintiff rely exclusively on the Defendant's social media statements, without any accompanying scientific validation, laboratory tests, or data to demonstrate that B4B Earth Tea qualifies as a drug. In light of this deficiency, the Defendant argues that the **Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)** standard for admissibility of expert testimony has not been met.

## II.  LEGAL ARGUMENTS

### 1.  Meaning of the Term "Drug" under 21 U.S.C. § 321(g)(1)

Motion to Dismiss

According to 21 U.S.C. § 321(g)(1), a drug is defined as:

The term "drug" means (A) articles recognized in the official
United States Pharmacopoeia,[1] official Homeopathic Pharmacopoeia of the

United States, or official National Formulary, or any supplement to any of them; and (B) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; and (C) articles (other than food) intended to affect the structure or any function of the body of man or other animals; and (D) articles intended for use as a component of any article specified in clause (A), (B), or (C). A food or dietary supplement for which a claim, subject to sections 343(r)(1)(B) and 343(r)(3) of this title or sections 343(r)(1)(B) and 343(r)(5)(D) of this title, is made in accordance with the requirements of section 343(r) of this title is not a drug solely because the label or the labeling contains such a claim. A food, dietary ingredient, or dietary supplement for which a truthful and not misleading statement is made in accordance with section 343(r)(6) of this title is not a drug under clause (C) solely because the label or the labeling contains such a statement.

2. **FDA Dietary Supplement Guidelines**

According to www.FDA.gov (February 2, 2022), before filing the complaint, the FDA's Dietary Supplement 101 guide said:

- Federal law does not require dietary supplements to be proven safe to the FDA's satisfaction before they are marketed.

- For most claims made in the labeling of dietary supplements, the law does not require the manufacturer or seller to prove to the FDA that the claim is accurate or truthful before it appears on the product.

This further underscore the fact that dietary supplements like B4B Earth Tea are subject to different standards than drugs under the FDCA.

3. **Judicial Notice under Federal Rule of Evidence 201**

This Court should take **mandatory judicial notice** of the statutory definition of the term **"drug"** under **21 U.S.C. § 321(g)(1)** and the related statutes that exempt dietary supplements from being classified as drugs under **21 U.S.C. § 343(r)(6)**. According to **Federal Rule of Evidence 201**, judicial notice is appropriate for facts that are **not subject to reasonable dispute** because they are either:

- Generally known within the trial court's territorial jurisdiction; or

Motion to Dismiss

- Capable of accurate and ready determination by resorting to sources whose accuracy cannot reasonably be questioned.

The statutory definitions outlined in **21 U.S.C. § 321(g)(1)** and **21 U.S.C. § 343(r)** are **public records** and are **not subject to reasonable dispute**. Therefore, this Court should take judicial notice of these definitions to facilitate an accurate and legally sound determination of whether **B4B Earth Tea** can be classified as a drug.

4. **The Plaintiff Has Failed to Provide Sufficient Evidence to Support Its Classification of B4B Earth Tea as a Drug:**

The Plaintiff's allegations rest solely on statements made in the Defendant's marketing materials and social media posts, without any accompanying scientific evidence or clinical data to demonstrate that B4B Earth Tea meets the statutory criteria for classification as a drug.

According to **Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)**, expert testimony must be based on reliable scientific methods and must be supported by sufficient facts or data. In this case, the Plaintiff's reliance on expert reports that are unsupported by scientific testing or controlled clinical trials does not meet the standards set forth in **Daubert**. The expert testimony presented by the Plaintiff is speculative, lacks direct observation or testing of the product itself, and therefore cannot be relied upon to classify B4B Earth Tea as a drug under the FDCA.

5. **Precedents and Case Law Support Dismissal of the Expert report:**

In cases where products have been improperly classified as drugs based on advertising claims alone, courts have found that such classifications must be supported by actual scientific evidence. For example:

- In **United States v. Article of Drug… Ova II, 414 F. Supp. 660 (E.D. Mich. 1976)**, the court held that the FDA's assertion that a product was a drug had to be supported by actual evidence of its intended therapeutic use.

- Similarly, in **Whitaker v. Thompson, 248 F. Supp. 2d 1 (D.D.C. 2002)**, the court ruled that structure/function claims made about dietary supplements are protected under **21 U.S.C. § 343(r)(6)** and cannot be classified as "Drugs".

In light of these precedents, it is clear that the Plaintiff has not met the legal burden required to prove that B4B Earth Tea is a drug. The mere fact that certain claims were made in marketing materials does not suffice to transform a natural dietary supplement into a drug without further factual support.

6. **Future Evidence Submission:**

The Defendant is currently in the process of finalizing an independent **scientific report**, which will provide comprehensive analysis and validation of the claims made regarding B4B Earth Tea. This report will further substantiate that B4B Earth Tea is a **natural dietary supplement** and not a drug, in accordance with **21 U.S.C. § 343(r)(6)**. The Defendant anticipates submitting this report in support of the ongoing proceedings.

### III.    <u>CONCLUSION</u>

For the reasons set forth above, the Defendant respectfully requests that this Honorable Court:

1. **Find that B4B Earth Tea** is a **dietary supplement** and does not meet the statutory definition of a drug under the FDCA.

2. **Dismiss the Plaintiff's claim** that B4B Earth Tea is an unapproved new drug, as the product does not meet the legal criteria for classification as a drug under the relevant statutes.

3. **Dismiss the Expert Reports** submitted by the Plaintiff, as they fail to meet the required standard of reliability as established in **Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)**, and are not supported by any scientific data, clinical testing, or direct evidence of the product's intended use as a drug.

4. **Take Judicial Notice** of the definitions provided in **21 U.S.C. § 321(g)(1)** and **21 U.S.C. § 343(r)(6)**, which exempt **B4B Earth Tea** from being classified as a drug.

5. **Grant any further relief** as this Court deems just and proper.

The Defendant asserts that the Plaintiff's claims are **unsupported by sufficient legal or factual evidence** and that the classification of B4B Earth Tea as a **drug** is improper. The statutory exemptions for **dietary supplements** are clear, and the Plaintiff has not met the burden of proof necessary to sustain its allegations under the FDCA or FTC Act. Accordingly, the Defendant respectfully requests that this Court grant the requested relief and dismiss the **expert report.**

Motion to Dismiss

**<u>VERIFICATION</u>**

I, **Andrew Sinclair**, affirm under penalty of perjury under the laws of the United States that the facts set forth in this **Motion** are true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,

<u>/s/ Andrew Sinclair</u>
Andrew Sinclair
Defendant
9703 Sutphin Blvd
unit 350008
Jamaica NY 11435
718-635-2135
Asinclairhg@gmail.com

Motion to Dismiss