UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
UNITED STATES OF AMERICA,

        Plaintiff,                              MEMORANDUM
                                              AND ORDER
  -against-                             22 CV 1159 (ENV)(RML)

B4B EARTH TEA LLC, et al.,

        Defendants.
---------------------------------------------------X

LEVY, United States Magistrate Judge:

        Defendant *pro se* Andrew Martin Sinclair ("defendant" or "Sinclair") moves for reconsideration of my order, dated August 21, 2024, denying his motion to exclude plaintiff's expert reports. For the reasons explained below, the motion for reconsideration is denied.

## BACKGROUND

        According to the complaint, defendant manufactures and sells a beverage called B4B Earth Tea ("Earth Tea"), which he has claimed can prevent, treat, and cure COVID-19 and other diseases. (See Complaint, dated Mar. 3, 2022, Dkt. No. 1, ¶ 1.) Plaintiff United States ("plaintiff" or the "United States") alleges that defendant's conduct violates the Federal Trade Commission Act, 15 U.S.C. § 45(a), § 45(m)(1)(A), § 52, and § 57a(a)(1)(B); and the COVID-19 Consumer Protection Act, Pub. L. No. 116-260, Title XIV, § 1401(b)(1), because defendant made these health claims without competent and reliable scientific evidence to substantiate them. (Id.) Because defendant claims that Earth Tea prevents, treats, and cures specific diseases, the United States alleges that Earth Tea is a drug under federal law. (Id. ¶¶ 18-22, 67.) The United States also alleges that defendant's interstate sale and shipment of Earth Tea is shipment of an unapproved new drug in interstate commerce in violation of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 331(d), because defendant has neither sought nor received Food

and Drug Administration ("FDA") approval to market Earth Tea, and the medical community does not recognize Earth Tea as safe and effective against any disease. (Id. ¶¶ 67-72.)

On July 30, 2024, the United States disclosed the reports of its two experts: Dr. James P. McCormack, a professor at the University of British Columbia, and Dr. Mariton Daniel Dos Santos, an Interdisciplinary Scientist in the Office of Dietary Supplement Programs in the Center for Food Safety and Applied Nutrition at the FDA. (See United States' Opposition to Defendant Sinclair's Motion to Reconsider and Dismiss United States' Expert Reports and to Order the United States to Conduct Testing of B4B Earth Tea, dated Oct. 1, 2024 ("Pl.'s Opp."), Dkt. No. 57, Exs. 1, 2.) On September 6, 2024, the United States provided a brief supplement to Dr. Dos Santos's report. (Id., Ex. 3.)

On August 20, 2024, defendant moved for an order (1) dismissing the United States' expert reports based on his claims that they are "opinion based" and because the experts did not generate new scientific evidence; and (2) directing the United States to conduct empirical testing of Earth Tea. (See Letter of Andrew Sinclair, dated Aug. 20, 2024, Dkt. No. 52.) By order dated August 21, 2024, I denied defendant's motion. Defendant now seeks reconsideration of that order. (See Motion to Reconsider Expert Reports by Dr. James P. McCormack and Dr. Mariton Daniel Dos Santos Regarding the Efficacy of B4B Earth Tea, filed Sept. 17, 2024 ("Def.'s Mot."), Dkt. No. 56; Motion to Reconsider the Dismissal of Expert Report by Dr. Mariton Daniel Dos Santos Claiming That B4B Earth Tea is a Drug and Request for Mandatory Judicial Notice Under Federal Rule of Evidence 201, filed Sept. 18, 2024, Dkt. No. 55.)

**DISCUSSION**

"A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need

2

to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). Additionally, in this district, the movant must identify the "matters or controlling decisions which [the movant] believes the court has overlooked," Local Civ. R. 6.3, and which "might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A reconsideration motion is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted). The decision to grant or deny a motion for reconsideration is within "the sound discretion" of the court. Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009).

> Rule 702 of the Federal Rules of Evidence provides:
>
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

FED. R. EVID. 702. Rule 702 "embodies a liberal standard of admissibility for expert opinions," Nimely v. City of New York, 414 F.3d 381, 395 (2d Cir. 2005), such that "the rejection of expert testimony is the exception rather than the rule." FED. R. EVID. 702 Advisory Committee Note to 2000 amendments; see also Chen-Oster v. Goldman, Sachs & Co., 114 F. Supp. 3d 110, 115

3

(S.D.N.Y. 2015) ("There is a presumption that expert evidence is admissible." (citing Borawick v. Shay, 68 F.3d 597, 610 (2d Cir. 1995))).

Here, defendant does not challenge the relevance of either expert's report, question their credentials, or cite to any matters or controlling decisions that the court overlooked. Rather, he contends that the reports are not based on empirical evidence because the experts conducted no independent laboratory testing or clinical trials of Earth Tea, such as an "Enzyme-Linked Immunosorbent Assay" test. (See Def.'s Mot. at 2-3.) Defendant cites no authority holding that independent testing is mandatory, and in fact, in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the United States Supreme Court concluded that it is not. See Daubert, 509 U.S. at 582 (finding expert testimony scientifically reliable where expert did not conduct any affirmative testing or scientific study of the substance at issue, but rather reviewed all published studies on the substance and concluded that none of them had found it to cause the effects claimed by the opposing party).

As reflected in the United States' expert reports, both experts reviewed the sole published study regarding Earth Tea, as well as Sinclair's testimony and exhibits concerning his unpublished "independent research" relating to the efficacy of Earth Tea and his dozens of public claims that Earth Tea is effective against COVID-19 and various other diseases. (See Pl.'s Opp., Ex. 1 ¶¶ 35-66, Ex. 2 at 6-9, Ex. 3 at 2.) This is sufficient. Defendant's motion for reconsideration is therefore denied.

SO ORDERED.

                                               /s/
                                  ROBERT M. LEVY
                                  United States Magistrate Judge

Dated: Brooklyn, New York
       December 5, 2024